**FILED**

**December 18, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 1:25 P.M. EASTERN**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | |
|---|---|
| **BRIAN K. GOINS,** | ) **Docket No.: 2016-03-0469** |
| **Employee,** | ) |
| **v.** | ) |
| **EAGLE BLUFF STEEL ERECTORS,** | ) |
| **INC.,** | ) **State File No.: 64976-2017** |
| **Employer,** | ) |
| **And** | ) |
| **TRAVELERS INSURANCE** | ) |
| **COMPANY,** | ) **Judge Pamela B. Johnson** |
| **Carrier.** | ) |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on November 21, 2017, for an Expedited Hearing. The central legal issue is whether Brian K. Goins demonstrated he is likely to prevail at a hearing on the merits that his injury arose primarily out of and in the course and scope of his employment with Eagle Bluff Steel Erectors, Inc., and, if so, whether Mr. Goins is entitled to medical and temporary disability benefits. For the reasons set forth below, the Court holds Mr. Goins demonstrated he is likely to prevail at a hearing on the merits and grants his claim for some of the requested medical benefits.

### History of Claim

Eagle Bluff hired Mr. Goins as a laborer on a project in Morehead, Kentucky. Stanley Bostic, Eagle Bluff's owner, hired Mr. Goins and told him that he would earn the "prevailing wage" for the job. On January 19, 2016, his first day on the job, Mr. Goins rode with Mr. Bostic to the job site. Upon arrival, Mr. Goins and two co-workers, including Kevin Baird, began installing stairs on a building under construction, working in cold temperatures of fifteen to eighteen degrees. While working from an elevated height, Mr. Goins fell thirty to forty feet, landed on a concrete floor, lost consciousness, and sustained multiple injuries. No handrails were installed on the steps at the time of the

1

fall, and Eagle Bluff received a citation for failure to have safety harnesses.

The parties disputed the cause of Mr. Goins' fall. Mr. Goins indicated he was pulling lead lines from the ground to the third floor. He testified he kneeled to clamp off the lead lines and slipped and fell when he stood from the last step leading up to the third-floor landing. He stated the weather was misty and the steps were wet and slick. Mr. Goins testified he was wearing Red Wing boots, blue jeans, long johns, coveralls, gloves, and a hard hat. He specifically denied taking any medication or drinking any alcohol forty-eight hours before the incident.[1]

Mr. Baird, who was working on the landing below, testified he did not see what caused Mr. Goins' fall. However, immediately before the fall, Mr. Baird saw Mr. Goins kneeling on one knee with his arms crossed, eyes closed, and shivering as if he were cold. Just seconds later, Mr. Baird saw Mr. Goins fall. He did not hear Mr. Goins make any sound or try to catch his fall. Mr. Baird agreed no handrails or safety harnesses were available. He did not recall observing ice, snow, or moisture on the landing. Mr. Baird agreed the temperature was cold, probably fifteen to eighteen degrees, and he observed Mr. Goins' hands shaking while eating lunch indoors earlier in the day. Mr. Bostic confirmed seeing Mr. Goins' hands shaking during lunch.

EMS transported Mr. Goins by ambulance to St. Clair Regional Medical Center. There, providers administered Rocephin, Fentanyl, warm Saline, and a tetanus shot. X-rays and an ultrasound indicated Mr. Goins suffered trauma to his head, face, and left side of his body with fractures to his lumbar spine and left forearm. Following initial examination, St. Clair transferred Mr. Goins by Air Evac to the University of Kentucky level 1 trauma center.

During flight, Air Evac administered Versed for anxiety, Fentanyl for pain, and Zofran for nausea. The Air Evac team noted dried blood to left side of face, lower lip laceration, through-and-through laceration below lower lip in the chin, open fracture of left proximal radius, left hip pain, and left hip abrasions and bruising. Upon arrival at UK, Air Evac transferred Mr. Goins' care to a waiting trauma team.

The UK trauma team admitted Mr. Goins and ordered numerous diagnostic tests.[2]

---

[1] Eagle Bluff called Mr. Goins to testify in its case-in-chief. Opposing counsel objected on grounds that he elected not to call Mr. Goins to testify during his case-in-chief, instead relying on his affidavit and deposition testimony introduced by agreement. Mr. Goins' counsel further objected that Eagle Bluff did not indicate its intent to call Mr. Goins in its response, by notice, or subpoena. The Court sustained the objection on grounds that Eagle Bluff did not list Mr. Goins as an intended witness under Rule 0800-02-21-.14(1)(b) of the Tennessee Compilation Rules and Regulations and this testimony would be cumulative.

[2] The parties did not introduce narrative notes from Mr. Goins' hospital stay at the University of

Additionally, the attending providers ordered a urine drug screen, which results showed certain elevated levels. The records document that the attending providers administered numerous medications intravenously following his fall and during his hospitalization, including but not limited to Fentanyl, Hydromorphone, and Percocet. Mr. Goins remained hospitalized through January 23. Following his release, Mr. Goins returned to Tennessee and sought limited follow-up care at the University of Tennessee Medical Center.[3]

Mr. Goins saw Dr. C.M. Salekin on May 22, 2016, for an independent medical evaluation. Mr. Goins reported frequent headaches, impaired memory, attention and concentration difficulties, unprovoked outbursts of anger followed by lethargy, sleep disturbance, and constant ringing in his ears following the fall. Dr. Salekin diagnosed post-concussive syndrome, simple partial seizure, tinnitus, surgically-repaired left radius fracture, probable disc problem in neck and back, and reactive depression following the fall. He recommended cervical and lumbar MRI scans, psychiatry evaluation for potential treatment of depression, and neuropsychiatric evaluation of cognitive damage. Dr. Salekin did not identify the date of maximum medical improvement but assessed a nineteen-percent permanent impairment. He further indicated Mr. Goins suffered temporary total disability as a result of the work injury beginning January 19, 2016, through the present.[4,5]

### Findings of Fact and Conclusions of Law

Mr. Goins bears the burden of proving all essential elements of his claim by a preponderance of the evidence. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At an Expedited Hearing, however,

---

Kentucky hospital. The records were limited to medications, tests, and procedures ordered along with certain test results. They did not include any admission, consultation, or discharge summaries.

[3]The parties did not introduce the medical records from UT Medical Center.

[4] Eagle Bluff moved for a directed verdict at the close of Mr. Goins' proof. Rule 50.01 of the Tennessee Rules of Civil Procedure (2017) governs a motion for directed verdict for cases involving jury trials. In nonjury cases, Rule 41.02(2) governs a motion for involuntary dismissal. An involuntary dismissal is often referred to as a "directed verdict" even in nonjury cases. At this stage in the litigation, the Expedited Hearing results in an Expedited Hearing Order, or an interlocutory order, which is not a final order. *See* Tenn. Code Ann. § 50-6-239(d)(3) (2017). Interlocutory orders are subject to modification at any time prior to the Compensation Hearing. *Id.* For this reason, the Court concluded that an involuntary dismissal of Mr. Goins' case is improper and denied Eagle Bluff's motion.

[5] Eagle Bluff moved for a continuance of the Expedited Hearing in light of the Court's evidentiary rulings so it might secure sworn testimony of the eyewitnesses' statements excluded from the medical records to allay any concerns the Court has regarding the authenticity, veracity, or probative value of the medical records. Mr. Goins objected on grounds that Eagle Bluff had sufficient time to develop its response to the Request for Expedited Hearing. The Court agreed and denied the motion.

his burden of proof requires him only to come forward with sufficient evidence from which this Court can determine that he is likely to prevail at a hearing on the merits. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015). This lesser evidentiary standard does not relieve Mr. Goins of the burden of producing evidence of an injury by accident arising primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Sept. 29, 2015).

An injury must arise primarily out of and in the course and scope of the employment to be compensable under the Workers' Compensation Law. *See* Tenn. Code Ann. § 50-6-102(14) (2017). The term "injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." *Id.*

The record is clear when and where the incident occurred. Mr. Goins sustained injuries from his January 19, 2016 fall from the third floor of a staircase. The Court therefore concludes that Mr. Goins demonstrated he is likely to prevail at a hearing on the merits in proving a specific incident, identifiable by time and place of occurrence.

The dispute is whether Mr. Goins' injury arose out of employment. Eagle Bluff asserted Mr. Goins' fall resulted from an idiopathic condition or alternatively by his intentional ingestion of illegal, non-prescribed narcotic medications found in his system after the accident.

Addressing the alternative argument first, the Workers' Compensation Law precludes the recovery of workers' compensation benefits when the injury is due to the employee's intoxication or illegal drug use. Tenn. Code Ann. § 50-6-110(a)(3). The employer bears the burden of establishing that the employee's intoxication or drug use was the proximate cause of the accident in order to avoid paying benefits. *Id.* at § 50-6-110(b). However, if the employer implemented a drug-free workplace program, a positive drug screen creates a presumption that drugs were the proximate cause of the injury. *Id.* at 50-6-110(c)(1). The presumption is rebuttable by clear and convincing evidence that the drug was not the proximate cause of the injury. *Id.*

Here, Eagle Bluff did not introduce evidence that it implemented a drug-free workplace so it bears the burden of establishing that illegal drug use was the proximate cause of Mr. Goins' injury. Eagle Bluff argued the UK records show a positive drug screen for drugs not yet administered by the attending providers. However, a review of

4

the records demonstrates that Mr. Goins received the drugs listed as elevated prior to the time stamp of the drug-test results. Moreover, it offered no expert toxicological proof that illegal drug use was the proximate cause of the fall. Thus, the Court concludes Eagle Bluff failed to satisfy its burden as to the affirmative defense of illegal drug use.

Turning to the idiopathic condition defense, Tennessee case law defines an idiopathic condition to mean one of "unexplained origin or cause." *Osborne v. Beacon Transp., LLC*, 2016 TN Wrk. Comp. App. Bd. LEXIS 49, at *6 (Sept. 27, 2016) (internal citations omitted). An idiopathic condition "is compensable if an employment hazard causes or exacerbates the injury." *Id.* The pertinent inquiry is not what caused the idiopathic condition, but what caused the employee's injury. *Id.* at *7. *See also McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50 (Dec. 10, 2015).

Here, Mr. Goins asserted he slipped and fell while standing from a kneeled position. He described the steps as wet and slick. Mr. Baird did not recall observing snow, rain, or moisture on the steps, but he did not see what caused Mr. Goins to fall. Eagle Bluff avers that because Mr. Baird saw Mr. Goins shaking, he must have suffered from an idiopathic condition that led to his fall. Both parties concede Mr. Goins worked at a height without the protection of handrails or a safety harness.

While the cause of Mr. Goins' fall is disputed, the cause of his injuries is not. He fell from three stories to a concrete floor, sustaining multiple injuries. His injuries arose primarily from a hazard incident to employment: the performance of his laborer duties at a height without a safety harness or handrails. Applying the rationale of *Osborne* and *McCaffery*, the Court concludes Mr. Goins demonstrated he is likely to prevail at a hearing on the merits that his injuries arose primarily out of and in the course and scope of his employment with Eagle Bluff.

Turning to Mr. Goins' medical benefits request, the Court holds that Eagle Bluff must provide him reasonable and necessary medical treatment related to the injury. Eagle Bluff shall provide a panel of physicians in accordance with Tennessee Code Annotated section 50-6-204. Mr. Goins did not introduce evidence of his past medical expenses for treatment by St. Clair, Air Evac, or UK. Thus, the Court denies his claim for past medical expenses at this time. Mr. Goins may pursue his claim for past medical benefits at a later date.

As to temporary disability benefits, the Court holds Mr. Goins failed to establish his average weekly wage. The Court finds he demonstrated he earned $32.50 per hour but failed to establish the number of hours worked each week or the number of hours worked by a similarly-situated employee in the fifty-two weeks prior to Mr. Goins' injury. Thus, the Court denies his claim for temporary disability benefits at this time. Mr. Goins may pursue his claim for temporary disability benefits at a later date.

5

**IT IS, THEREFORE, ORDERED** as follows:

1. Eagle shall provide Mr. Goins with medical treatment as required by Tennessee Code Annotated section 50-6-204 by providing him a panel of physicians.

2. Mr. Goins' requests for past medical expenses and temporary disability benefits are denied at this time.

3. This matter is set for a Scheduling Hearing on **January 22, 2018**, at **1:00 p.m. Eastern Time**. The parties must call 865-594-0091 or 855-543-5041 toll-free to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED December 18, 2017.**

**PAMELA B. JOHNSON, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Notice of Intent to Use Statement of Evaluating Physician in Lieu of Deposition
3. Notice of Objection
4. Dispute Certification Notice
5. Employee's Request for Expedited Hearing for On-the-Record Determination

6. Employee's Memorandum of Law in Support of Request for Expedited Hearing
7. Employer's Response to Employee's Request for Expedited Hearing with Request for Evidentiary (inperson) Hearing
8. Employer's Notice of Filing Affidavit of Neil M. McIntire and Documents Numbered 0001-0088.
9. Order Setting Expedited Hearing
10. Employer's Supplemental Notice of Filing of Documents Numbered 00089-00111

The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings as allegations unless established by the evidence. To avoid duplication and a voluminous record, the Court will not transmit attachments to the Technical Record to the appellate courts.

<u>Exhibits:</u>
1. Affidavit of Brian Goins
2. Deposition of Brian Goins
3. Deposition of Stanley Bostic
4. Recorded Statement of Warren Goins *(Marked for Identification Only, objection sustained on grounds of hearsay and unsworn statement)*
5. Standard Form Medical Report of Dr. C.M. Salekin
6. First Report of Work Injury *(Objection overruled with the exception of, "How Injury Occurred" section being stricken)*
7. Notice of Denial of Claim for Compensation
8. Wage Statement
9. Pay Stubs *(Marked for Identification Only, relevancy objection sustained )*
10. Payroll Records *(Marked for Identification Only, relevancy objection sustained)*
11. Medical Records of St. Clair Regional Medical Center *(Hearsay objection sustained, eyewitness statements within exhibit stricken)*
12. Medical Record of University of Kentucky Hospital *(Objection overruled except to any section not electronically signed by a physician)*
13. Recorded Statement of Kevin Baird *(Marked for Identification Only, objection sustained on hearsay and unsworn statement)*
14. Medical Records of Air Evac Life Team *(Hearsay objection sustained, eyewitness statements within exhibit stricken)*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on December 18, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Ameesh Kherani, Employee's Attorney | | | X | akherani@davidhdunaway.com |
| Neil McIntyre, Employer's Attorney | | | X | nmcintyre@howell-fisher.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**